UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GRACE RODRIGUEZ,

Plaintiff, Case No. 6:25-cv-2493-ACC-DCI

vs.

FLORIDA DEPARTMENT OF TRANSPORTATION,

Defendants.
_________________________________/

**DEFENDANT, FLORIDA DEPARTMENT OF TRANSPORTATION'S, ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant, FLORIDA DEPARTMENT OF TRANSPORTATION, (hereinafter "Defendant") by and through its undersigned counsel, Whitelock & Associates, P.A., and pursuant to Fed. R. Civ. P. 7, file this Answer and Affirmative Defenses to Plaintiff's Amended Complaint [ECF No. 34], as follows:

1. Defendant admits that Plaintiff asserts claims under Title VII. Defendant states that the FCRA claims pleaded in the Amended Complaint have been dismissed with prejudice and otherwise denies the allegations.

2. Defendant admits that the Court has subject-matter jurisdiction over the

remaining Title VII claims under 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f)(3). The remaining allegations concern dismissed claims or are legal conclusions to which no response is required; to the extent a response is required, they are denied.

3. Defendant admits that venue is proper in this District for the remaining claims.

4. Defendant admits that Plaintiff is female and was formerly employed by FDOT. Defendant is without knowledge sufficient to admit or deny Plaintiff's allegations concerning her residence and religious practices and therefore denies those allegations. Defendant denies the remaining allegations.

5. Defendant admits that FDOT is a state agency and an employer within the meaning of Title VII. The remaining allegations are legal conclusions or concern claims that have been dismissed; to the extent a response is required, they are denied.

6. Defendant admits that Moataz Hassan was employed by FDOT as an Operations Engineer and directly supervised Plaintiff for a period of time. Defendant denies the remaining allegations. Defendant further states that all claims against Hassan have been dismissed with prejudice and he has been terminated as a party.

7. Defendant admits that Plaintiff filed EEOC Charge No. 510-2024-05219. Defendant denies Plaintiff's characterization of the charge and denies that every allegation or theory asserted in this action was timely and properly exhausted.

8. Defendant admits that the EEOC issued a Notice of Right to Sue.

9. Defendant is without knowledge sufficient to admit or deny the date on which Plaintiff received the Notice of Right to Sue and therefore denies the allegation.

10. Denied. Defendant specifically denies that Plaintiff satisfied all conditions precedent as to any claim, allegation, or theory that was untimely, was not included in, or did not reasonably arise from her administrative charge.

11. Admitted that FDOT hired Plaintiff on or about May 12, 2023, as a Transportation Operations Supervisor assigned within District Five and based in Sanford, Florida.

12. Defendant admits that Plaintiff reported directly to Hassan and that Hassan had authority to assign work, provide performance input, and make recommendations regarding certain employment matters. Defendant denies that Hassan possessed unilateral authority over all matters identified in this paragraph, including unilateral authority to terminate Plaintiff, and denies the remaining allegations.

13. Defendant admits that Hassan was an FDOT employee. Defendant denies that any alleged discriminatory, harassing, retaliatory, or otherwise unlawful conduct occurred and denies the remaining allegations and legal conclusions.

14. In response to paragraph number 14 of the Amended Complaint, the

Defendant denies said allegation.

15. In response to paragraph number 15 of the Amended Complaint, the Defendant denies said allegation.

16. In response to paragraph number 16 of the Amended Complaint, the Defendant denies said allegation.

17. In response to paragraph number 17 of the Amended Complaint, the Defendant denies said allegation.

18. In response to paragraph number 18 of the Amended Complaint, the Defendant denies said allegation.

19. In response to paragraph number 19 of the Amended Complaint, the Defendant denies said allegation.

20. In response to paragraph number 20 of the Amended Complaint, the Defendant denies said allegation.

21. In response to paragraph number 21 of the Amended Complaint, the Defendant denies said allegation.

22. In response to paragraph number 22 of the Amended Complaint, the Defendant denies said allegation.

23. In response to paragraph number 23 of the Amended Complaint, the Defendant denies said allegation.

24. In response to paragraph number 24 of the Amended Complaint, the

Defendant denies said allegation.

25. In response to paragraph number 25 of the Amended Complaint, the Defendant denies said allegation.

26. In response to paragraph number 26 of the Amended Complaint, the Defendant denies said allegation.

27. In response to paragraph number 27 of the Amended Complaint, the Defendant denies said allegation.

28. In response to paragraph number 28 of the Amended Complaint, the Defendant denies said allegation.

29. In response to paragraph number 29 of the Amended Complaint, the Defendant denies said allegation.

30. In response to paragraph number 30 of the Amended Complaint, the Defendant denies said allegation.

31. In response to paragraph number 31 of the Amended Complaint, the Defendant denies said allegation.

32. In response to paragraph number 32 of the Amended Complaint, the Defendant denies said allegation.

33. In response to paragraph number 33 of the Amended Complaint, the Defendant denies said allegation.

34. In response to paragraph number 34 of the Amended Complaint, the

Defendant denies said allegation.

35. In response to paragraph number 35 of the Amended Complaint, the Defendant denies said allegation.

36. In response to paragraph number 36 of the Amended Complaint, the Defendant denies said allegation.

37. In response to paragraph number 37 of the Amended Complaint, the Defendant denies said allegation.

38. In response to paragraph number 38 of the Amended Complaint, the Defendant denies said allegation.

39. In response to paragraph number 39 of the Amended Complaint, the Defendant denies said allegation.

40. In response to paragraph number 40 of the Amended Complaint, the Defendant denies said allegation.

41. In response to paragraph number 41 of the Amended Complaint, the Defendant denies said allegation.

42. In response to paragraph number 42 of the Amended Complaint, the Defendant denies said allegation.

43. In response to paragraph number 43 of the Amended Complaint, the Defendant denies said allegation.

44. In response to paragraph number 44 of the Amended Complaint, the

Defendant denies said allegation.

45. In response to paragraph number 45 of the Amended Complaint, the Defendant denies said allegation.

46. In response to paragraph number 46 of the Amended Complaint, the Defendant denies said allegation.

47. In response to paragraph number 47 of the Amended Complaint, the Defendant denies said allegation.

48. In response to paragraph number 48 of the Amended Complaint, the Defendant denies said allegation.

49. In response to paragraph number 49 of the Amended Complaint, the Defendant denies said allegation.

50. In response to paragraph number 50 of the Amended Complaint, the Defendant denies said allegation.

51. In response to paragraph number 51 of the Amended Complaint, the Defendant denies said allegation.

52. In response to paragraph number 52 of the Amended Complaint, the Defendant denies said allegation.

53. In response to paragraph number 53 of the Amended Complaint, the

Defendant denies said allegation.

54. In response to paragraph number 54 of the Amended Complaint, the Defendant denies said allegation.

55. In response to paragraph number 55 of the Amended Complaint, the Defendant denies said allegation.

56. In response to paragraph number 56 of the Amended Complaint, the Defendant denies said allegation.

57. In response to paragraph number 57 of the Amended Complaint, the Defendant denies said allegation.

58. In response to paragraph number 58 of the Amended Complaint, the Defendant denies said allegation.

59. In response to paragraph number 59 of the Amended Complaint, the Defendant denies said allegation.

60. In response to paragraph number 60 of the Amended Complaint, the Defendant denies said allegation.

61. In response to paragraph number 61 of the Amended Complaint, the Defendant denies said allegation.

62. In response to paragraph number 62 of the Amended Complaint, the Defendant denies said allegation.

63. In response to paragraph number 63 of the Amended Complaint, the

Defendant denies said allegation.

64. In response to paragraph number 64 of the Amended Complaint, the Defendant denies said allegation.

65. In response to paragraph number 65 of the Amended Complaint, the Defendant denies said allegation.

66. In response to paragraph number 66 of the Amended Complaint, the Defendant denies said allegation.

67. In response to paragraph number 67 of the Amended Complaint, the Defendant denies said allegation.

68. In response to paragraph number 68 of the Amended Complaint, the Defendant denies said allegation.

69. In response to paragraph number 69 of the Amended Complaint, the Defendant denies said allegation.

70. In response to paragraph number 70 of the Amended Complaint, the Defendant denies said allegation.

71. In response to paragraph number 71 of the Amended Complaint, the Defendant denies said allegation.

72. In response to paragraph number 72 of the Amended Complaint, the Defendant denies said allegation.

**COUNT I**

**Hostile Work Environment Based on Sex in Violation of Title VII, 42**

**U.S.C. § 2000E-2(a)(1) - (Against Defendant, FDOT)**

73. In response to paragraph number 73 of the Amended Complaint, Defendant incorporates its responses to paragraphs 1 through 72 as though fully set forth herein.

74. In response to paragraph number 74 of the Amended Complaint, Defendant admits only the general legal proposition that Title VII prohibits discrimination because of sex. Defendant denies that Plaintiff was subjected to a hostile work environment or that FDOT violated Title VII.

75. In response to paragraph number 75 of the Amended Complaint, the Defendant denies said allegation.

76. In response to paragraph number 76 of the Amended Complaint, Defendant is without knowledge as to Plaintiff's subjective perceptions and therefore denies those allegations. Defendant denies that a reasonable person would have found the work environment hostile or abusive.

77. In response to paragraph number 77 of the Amended Complaint, the Defendant denies said allegation.

78. In response to paragraph number 78 of the Amended Complaint, the Defendant denies said allegation.

79. In response to paragraph number 79 of the Amended Complaint, the

Defendant denies said allegation.

80. In response to paragraph number 80 of the Amended Complaint, the Defendant denies said allegation.

81. In response to paragraph number 81 of the Amended Complaint, the Defendant denies said allegation.

82. In response to paragraph number 82 of the Amended Complant, Defendant admits that Hassan directly supervised Plaintiff and had authority to perform certain supervisory functions. Defendant denies the remaining allegations and any legal conclusion concerning liability.

83. In response to paragraph number 83 of the Amended Complaint, Defendant admits that Plaintiff reported concerns to FDOT and that FDOT reviewed and investigated them. Defendant denies that it failed to take appropriate remedial action, disclosed information for an improper purpose, permitted unlawful harassment, or is otherwise liable.

84. In response to paragraph number 84 of the Amended Complaint, Defendant denies that Plaintiff sustained any compensable loss or damage caused by FDOT.

**COUNT II**

**Sex Discrimination – Tangible Employment Action and Constructive**

**Discharge in Violation of Title VII, 42 U.S.C. U.S.C. § 2000E-2(a)(1) - (Against Defendant, FDOT)**

85. In response to paragraph number 85 of the Amended Complaint, Defendant incorporates its responses to paragraphs 1 through 72 as though fully set forth herein.

86. In response to paragraph number 86 of the Amended Complaint, Defendant admits only the general legal proposition that Title VII prohibits discrimination because of sex. Defendant denies that it discriminated against Plaintiff or violated Title VII.

87. In response to paragraph number 87 of the Amended Complaint, Denied, including each subparagraph. FDOT did not take any tangible or otherwise adverse employment action against Plaintiff because of sex. Plaintiff voluntarily resigned and was not discharged or constructively discharged.

88. In response to paragraph number 88 of the Amended Complaint, the Defendant denies said allegation.

89. In response to paragraph number 89 of the Amended Complaint, Denied. Plaintiff's working conditions were not objectively intolerable, FDOT did not force or coerce her resignation, and a reasonable person in Plaintiff's position would not have been compelled to resign.

90. In response to paragraph number 90 of the Amended Complaint, the Defendant denies said allegation.

91. In response to paragraph number 91 of the Amended Complaint, Defendant denies that Plaintiff sustained any compensable loss or damage caused by FDOT.

**COUNT III**
**Religious Harassment – Hostile Work Environment in Violatio of Title VII, 42 U.S.C. U.S.C. § 2000E-2(a)(1) - (Against Defendant, FDOT)**

In response to paragraphs 92-105 of the Amended Complaint, Count III was dismissed with prejudice by the Court's July 21, 2026 Order [ECF No. 40]. No response is required.

**COUNT IV**
**Retaliation in Violation of Title VII, 42 U.S.C. U.S.C. § 2000E-3(a - (Against Defendant, FDOT)**

106. In response to paragraph number 106 of the Amended Complaint, Defendant incorporates its responses to paragraphs 1 through 72 as though fully set forth herein.

107. In response to paragraph number 107 of the Amended Complaint, Defendant admits only the general legal proposition that Title VII prohibits unlawful retaliation. Defendant denies that it retaliated against Plaintiff or violated Title VII.

108. In response to paragraph number 108 of the Amended Complaint, Defendant admits that Plaintiff made complaints to FDOT in or around late April 2024 and June 11, 2024. Defendant denies that FDOT engaged in any unlawful employment practice and denies the remaining allegations and legal conclusions.

109. In response to paragraph number 109 of the Amended Complaint, Defendant admits that appropriate FDOT personnel were aware that Plaintiff had made complaints. Defendant denies that any decisionmaker acted with retaliatory intent and denies the remaining allegations.

110. In response to paragraph number 110 of the Amended Complaint, Defendant admits that Plaintiff submitted an EOO complaint and attended a management meeting on June 11, 2024. Defendant denies any causal connection and denies the remaining allegations.

111. In response to paragraph number 111 of the Amended Complaint, Defendant denies, including each subparagraph. FDOT did not subject Plaintiff to any materially adverse action because of protected activity, did not coerce or force her resignation, and did not constructively discharge her.

112. In response to paragraph number 112 of the Amended Complaint, the Defendant denies said allegation.

113. In response to paragraph number 113 of the Amended Complaint, the Defendant denies said allegation.

114. In response to paragraph number 114 of the Amended Complaint, Defendant denies that Plaintiff sustained any compensable loss or damage caused by FDOT.

**COUNTS V, VI, VII, AND VIII**

In response to paragraphs 115-139 of the Amended Complaint, Counts V, VI, VII and VIII were dismissed with prejudice, AND Hassan was terminated as a defendant, by the Court's July 21, 2026 Order [ECF No. 40]. No response is required.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any of the relief requested in the Amended Complaint, including damages, declaratory relief, injunctive relief, reinstatement, front pay, back pay, attorneys' fees, costs, or interest, except to the extent any award is expressly authorized and proven under applicable law.

## GENERAL DENIAL

Defendant denies every allegation in the Amended Complaint not expressly admitted above.

**WHEREFORE**, having fully answered the Amended Complaint filed herein and denying all averments not otherwise answered, the Defendants state the following affirmative defenses to this action:

## AFFIRMATIVE DEFENSES

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming any burden that otherwise rests with Plaintiff, and pleading in the alternative where appropriate, Defendant asserts the following affirmative and other defenses:

## FIRST AFFIRMATIVE DEFENSE

All employment-related decisions and actions concerning Plaintiff were made in good faith for legitimate, non-discriminatory, and non-retaliatory reasons. No stated reason was a pretext for discrimination or retaliation.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff voluntarily resigned from FDOT and was not terminated or constructively discharged. FDOT did not deliberately create or permit objectively intolerable working conditions, did not force or coerce Plaintiff to resign, and did not materially misrepresent the consequences of any employment option. The fact that employment concerns or possible alternatives may have been discussed does not convert Plaintiff's voluntary resignation into a discharge.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff did not suffer a tangible or otherwise actionable adverse employment action because of sex. Any mentoring, feedback, evaluation, scheduling, leave, assignment, or other workplace decision identified by Plaintiff was based on legitimate considerations, did not materially injure the terms or conditions of her employment, and was not motivated by sex.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff was not subjected to unwelcome harassment because of sex that was sufficiently severe or pervasive to alter the terms and conditions of her employment. The conduct alleged by Plaintiff is denied and, to the extent any workplace interactions occurred, they were not sexual, sex-based, or objectively abusive within the meaning of Title VII.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff cannot establish unlawful retaliation because FDOT did not take any materially adverse action against her because of protected activity, and no protected activity was the but-for cause of any challenged decision or action. The temporal sequence alleged by Plaintiff does not establish retaliatory causation.

## SIXTH AFFIRMATIVE DEFENSE

To the extent Plaintiff pursues a supervisor-harassment theory that did not culminate in a tangible employment action, FDOT exercised reasonable care to prevent and promptly correct discriminatory or harassing conduct by maintaining policies, reporting procedures, and corrective processes. To the extent Plaintiff unreasonably failed to timely use, fully utilize, or cooperate with available preventive or corrective opportunities, her claim is barred or limited under the Faragher/Ellerth defense. This defense is pleaded in the alternative.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff failed to exercise reasonable diligence to mitigate her alleged damages. Any award of back pay, front pay, lost benefits, or other economic relief must be reduced by earnings received, amounts that could have been earned through reasonable diligence, and any failure to pursue substantially equivalent employment.

**EIGHTH AFFIRMATIVE DEFENSE**

To the extent discovery reveals after-acquired evidence of misconduct or other facts that would have resulted in Plaintiff's termination or otherwise affected her employment, such evidence bars or limits reinstatement, front pay, back pay, and any other available remedy.

**NINTH AFFIRMATIVE DEFENSE**

Any claim, theory, or alleged act that was not timely and properly exhausted through Plaintiff's administrative charge, that falls outside the permissible scope of the charge and any reasonable investigation arising from it, or that is independently barred by the applicable administrative filing period may not serve as a basis for liability or recovery. Untimely acts may be considered, if at all, only to the limited extent permitted by law.

**TENTH AFFIRMATIVE DEFENSE**

Even if Plaintiff proves that an impermissible consideration played some role in a challenged employment decision, which FDOT denies, FDOT would have made the same decision for legitimate reasons. Plaintiff's remedies are therefore barred or

limited to the extent provided by Title VII.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff lacks a basis for prospective injunctive or declaratory relief because she is no longer employed by FDOT, has not alleged a real and immediate threat of future injury, and has an adequate remedy at law. Reinstatement and front pay are unavailable or inappropriate under the circumstances.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's requested damages and remedies are subject to all statutory restrictions and caps applicable to Title VII. FDOT, as a government agency, is not subject to punitive damages under 42 U.S.C. § 1981a(b)(1). Plaintiff may not recover duplicative relief, speculative damages, or damages unsupported by competent proof, and any economic award must account for interim earnings and other legally required offsets.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Any emotional distress, economic loss, or other injury claimed by Plaintiff was caused in whole or in part by circumstances, decisions, or events not attributable to any unlawful conduct by FDOT. Plaintiff must prove that each category of claimed damages was proximately caused by a violation of Title VII.

**JURY TRIAL DEMAND**

Defendant demands a trial by jury on all issues so triable.

**WHEREFORE,** Defendant, FLORIDA DEPARTMENT OF TRANSPORTATION, requests that judgment be entered in its favor and against Plaintiff, that Plaintiff take nothing by this action, that Defendant recover its taxable costs and any attorneys' fees available under applicable law, and that the Court grant such other relief as it deems just and proper.

**Respectfully submitted,**

WHITELOCK & ASSOCIATES, P.A.
300 Southeast Thirteenth Street
Fort Lauderdale, Florida 33316
Phone No.: (954) 463-2001
Facsimile No.: (954) 463-0410
Counsel for Defendant, FDOT

*<u>/s/Christopher J. Whitelock</u>*
CHRISTOPHER J. WHITELOCK
Florida Bar No. 067539

**<u>CERTIFICATE OF SERVICE</u>**

**I HEREBY CERTIFY** that on August 3, 2026, 2026, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, by either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing.

s/Christopher J. Whitelock
CHRISTOPHER J. WHITELOCK

**SERVICE LIST**

Katherine A. Chin, Esq.
Chin Law, P.A.
33 Southwest 2nd Avenue, Suite 1100
Miami, FL 33177
e-mail: kc@legalchin.com